Lord *v.* Burbank.

## ALMON LORD *vs.* CALEB BURBANK.

However common it may be for persons in receiving payments to waive their strict rights, and make use of a paper currency, the law does not recognize such usage as binding upon any person ; and when any one insists upon his legal right to receive gold and silver only in payment, the law will uphold him in the exercise of that right, although it may appear to be an unexpected exercise of it, and not in conformity to the accustomed course of transacting business between parties in such circumstances.

Where money is received by an attorney at law on a demand, left with him for collection without any special directions, he is bound by law to pay the amount to the creditor in the legal currency.

A demand of money thus collected *to be paid in specie,* is sufficient.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

Assumpsit for money collected by the defendant as an attorney at law. The defence set up was, that the money had been received in bank bills, and he would pay in bills, but not in gold or silver.

The only evidence of a demand of the money was contained in a deposition, from which it appeared, that the deponent at the request of the plaintiff presented the receipt given for the demand by the defendant to him, and requested the defendant to pay over the money collected for the plaintiff " in specie." This the defendant refused to do, but expressed a willingness to pay in bills.

The defendant objected to the sufficiency of this evidence, but the Court overruled the objection, and to this ruling the defendant filed exceptions.

*Howard & Caverly,* for the plaintiff.

*D. Goodenow,* for the defendant.

The opinion of the Court was by

SHEPLEY J. — The defendant insists, that he must be regarded from the well known course of business as authorized to receive the common paper currency in payment of the promissory note intrusted to him for collection ; and that having received it, his duties were fully performed by holding and paying it over upon demand.

However common it may be for persons in receiving payments to waive their strict rights, and to make use of a paper currency; our laws can recognize no such usage as binding upon any person; and when any one insists upon his legal right to receive gold or silver only in payment; the law will uphold him in the exercise of that right, although it may appear to be an unexpected exercise of it and not in conformity to the accustomed course of transacting business between parties in such relations. The defendant may have had a well grounded expectation, that the common paper currency only would be required of him, but if he would have protected himself against the claim for specie he should have secured in the receipt which he gave for the demand a right to receive and pay it, in the usual paper currency.

If a demand should be regarded as necessary to enable the plaintiff to maintain the action, a demand for the legal currency was sufficient.

*Exceptions overruled.*